OGILVIE, CLAUDE, Associate Judge.
The Appellants, as plaintiffs, brought an action in equity, to prevent the distribution of certain lots under a Will to Appellee, and to have the County Judge distribute said lots to plaintiffs (appellants here) to take the place of certain realty devised under the Will to plaintiffs, but which was conveyed by testator to appellee before testator’s death. The Lower Court granted defendant’s (appellee’s) motion to dismiss on the ground that it failed to state a cause of action; and the plaintiffs’ appeal to this Court to review the Order of Dismissal.
*268 Blanche Georgene Galey, Edward Fish-back, Davis E. Fishback, Jr., and Lillian W. Fishback, as Executrix of the Last Will and Testament of Frederick W. Wilmott, also known as Fred W. Wilmott, were plaintiffs in the Lower Court. Lillie Mae Wilmott Sharpe was the defendant.
Frederick W. Wilmott’s Will, dated October 28, 1948, devised to his adopted daughter, Lillie Mae Wilmott Sharpe, lots 1 — S, 10-14 of Block “A”, Wilmott’s Plan. In the same Will also was devised lots 1-9, Block “E” to Edward W. Fishback, lots 10-12, Block “E” to Davis E. Fishback, Jr., and lots 13-14, Block “E” to Blanche Georgene Galey.
On June 25, 1949, said Frederick W. Wil-mott conveyed lots 1-14, Block “E” to Lillie Mae Wilmott Sharpe.
On November 30, 1949, said Frederick W. Wilmott died.
On January 28, 1950, Lillie Mae Wilmott Sharpe and her husband conveyed lots 1-14 in Block “E” to Strouds and Davises.
On Nov. 6, 1951, by Order of the County Judge issued in the Will contest, the Will of October 28, 1948 and codicil of October 29, 1948, were found to be valid, and the said Frederick W. Wilmott was found to have been incompetent between April 27, 1949, and June 29, 1949. This order was affirmed by the Circuit Court and Florida Supreme Court. This case is reported in Fla., 66 So.2d 465, 40 A.L.R.2d 1399; and the facts and findings as summarized from that opinion are:
Frederick W. Wilmott died on November 30, 1949. He left a will dated October 28, 1948, a codicil dated October 29, 1948, a second codicil dated April 27, 1949, a will dated June 24, 1949, and an instrument dated June 29, 1949, which purported to be a republication of the will executed on October 28, 1948.
A petition was filed in the County Judge’s Court by certain devisees (appellants here) praying for the probate of the republication instrument dated June 29, 1949. William Wilmott, an adopted son of the decedent, filed a caveat on the grounds that at the! time of the execution of the instrument in question, the decedent lacked testamentary capacity.
The County Judge, on November 6, 1951, entered an order denying probate of the republication instrument dated June 29, 1949, granting leave to the petitioners (appellants here) to file a petition for probate of the will dated October 28, 1948, and codicil dated October 29, 1948. The basis of this ruling was 'the finding of the County Judge that the decedent had not possessed testamentary capacity from April 27, 1949, to June 29, 1949, inclusive.
After the entry of this order the petitioners (now appellants) filed their petition praying that the 1948 Will and Codicil be admitted to probate and letters testamentary be issued thereon. William Wilmott, the adopted son, contested this proceeding on the basis that the decedent was mentally incapable of making a Will, and that the instruments were executed as the result of undue influence of the petitioners.
On December 20, 1951, the County Judge entered an Order allowing the probate of the 1948 Will and Codicil, finding that the testator possessed testamentary capacity and that no undue influence had been exercised by anyone in bringing about the execution of the Will and Codicil.
On appeal, the Circuit Court affirmed the Order denying probate of the republication instrument, dated June 29, 1949, and affirmed the Order admitting the 1948 Will and Codicil to probate.
The Supreme Court, on June 5, 1953, affirmed the Circuit Court on those points.
On July 17, 1957, appellee, Lillie Mae Wilmott Sharpe, filed a petition in the County Judge’s Court for distribution of lots 1-5, 10-14, Block “A”, Wilmott’s Plan, to her under the Will of October 28, 1948. The appellants filed a complaint in the Circuit Court to enjoin distribution by the Probate Court, alleging the doctrine of *269 election and other equitable defenses. The appellants also petitioned the Circuit Court to order the Probate Court to distribute these lots to Blanche Georgene Galey, Edward Fishback, and Davis E. Fishback, Jr., to take the place of lots 1-14, Block “E” of Wilmott’s Plan devised in the will to them, but which were conveyed by F. W. Wilmott to Lillie Mae Wilmott Sharpe before his death.
The appellee filed a motion to dismiss the complaint and on September 18, 1958, the Circuit Court entered a final Order dismissing the cause. On September 26, 1958, the Circuit Court entered another order stating that for clarity the order of dismissal of September 18, 1958, was granted because it failed to state a cause of action.
From these two orders the appellants filed this appeal.
“As no right under a Will vests until the death of the testator, a Will is said to be an ambulatory instrument; and is entirely inoperative during the lifetime of the testator * * Redfearn on Wills and Administration of Estates, 3d Ed., Vol. T, page 30, Sec. 9. A Will does not take effect until the testator dies; and during the intervening period, that is from the time of the execution of the Will until the death of the testator, he still owns the property described in and embraced in the Will, and he may do whatever he wishes with said property during his lifetime. In the instant case there was no certainty whatsoever for many years after the testator’s death as to which Will or testamentary document, if any, would be admitted to probate.
After a thorough review of the two cases that were decided by the Florida Supreme Court involving the estate of said Frederick W. Wilmott, deceased, and a full consideration of this appeal, we concur with the Chancellor below in' the dismissal of the amended bill of complaint on the ground that it failed to state a cause of action. In re Wilmott’s Estate, Fla., 66 So.2d 465, 40 A.L.R.2d 1399; Fishback v. Sharpe, Fla., 84 So.2d 920.
The doctrine of election is inapplicable to this case and the appellee, Lillie Mae Wilmott Sharpe, is not thereby precluded from claiming the property devised to her in the Will which was finally admitted to probate. At the time the Warranty Deed was made to her by the testator, he owned the said property described and conveyed in said Deed to the appellee; testator at the time of making said Deed to ap-pellee owned all of the properties mentioned in said previously executed Will, which Will was finally admitted 'to probate many years later. The mere fact that one executes a Will, which is later probated, does not preclude the maker of that Will from otherwise disposing of any of the properties bequeathed or devised in said Will, during testator’s lifetime; he could, and as a matter of fact did, dispose of such property before he died by way of this Warranty Deed long before the Will was probated and became effective. And many years before the Will was probated the maker of the Will had conveyed the properties which he set out to devise to the appellants, by Warranty Deed, during his lifetime. The testator owned all his property as long as he lived and the making of any testamentary writing by him did not deprive him of that ownership and control of it, as long as he did live.
The deceased, Frederick W. Wilmott, purported to make several testamentary instruments during his lifetime. No one knew which would ultimately be held and treated as the true Will of the deceased, until the Florida Supreme Court had passed on the matter many years later as above mentioned. The defendant to this cause in the Court below, who is now the appellee here, is not the widow of the deceased testator and under the facts and circumstances involved in this long litigation neither of the doctrines of election, estoppel or representation prevents the appellee from claiming the premises devised to her under and by virtue of the Last Will and Testament of Frederick W. Wilmott, deceased, duly probated, all of which was affirmed by the *270 Circuit Court, as well as the Florida Supreme Court, as above mentioned.
The order dismissing the amended complaint because it states no cause of action is hereby affirmed.
KANNER, C. J., and ALLEN, J., concur.